UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| TERRENCE MARTIN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 4:09-cr-03 |
| | ) | | 4:10-cv-35 |
| | ) | | (MATTICE/LEE) |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Terrence Martin ("petitioner"). The government has filed its response to the motion and petitioner has filed his reply to the response. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Petitioner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), without benefit of a plea agreement. He was sentenced to a term of imprisonment of 51 months. [Criminal Action No. 4:09-cr-03, Court File No. 23, Judgment]. Because he had two prior felony convictions, petitioner's base offense level was 24. He received a two-level enhancement because the firearm was stolen and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 23. Based upon the two prior felony convictions, petitioner had six criminal history points and thus a criminal history category of III. Petitioner's resulting advisory guideline sentence
2

range was 57-71 months. The court granted petitioner's motion for downward variance and sentenced him to 51 months.

In support of his § 2255 motion, petitioner alleges that he received the ineffective assistance of counsel. The government has filed its response to the § 2255 motion and petitioner has filed a reply to the response.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

3

defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

As noted, petitioner had two prior felony convictions: one for robbery in White County, Tennessee, and one for possession of marijuana with intent to sell in Warren County, Tennessee. According to petitioner, the marijuana that he possessed in Warren County was stolen during the White County robbery, and that he was arrested for both crimes at the same time. He alleges that his attorney failed to argue, pursuant to U.S.S.G. § 4A1.2, that his two prior felony convictions should have been counted as one felony conviction because there was no intervening arrest.

Section 4A1.2 provides that prior sentences should always be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest ...." U.S.S.G. § 4A1.2(a)(2). If there is no intervening arrest, prior sentences should be counted as a single sentence if the sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day." *Id*.

4

In her motion for a downward variance, petitioner's attorney in fact raised the issue of whether the convictions for robbery and possession with intent to sell marijuana were related offenses because the underlying conduct was the same act. [Doc. 20, Motion for Non-Guidelines Sentence].

> As noted in the Presentence Report, Mr. Martin has convictions for robbery and for possession with intent to sell marijuana. See paragraphs 22, 23, Presentence Report. Of importance is the date of arrest on these convictions, March 9, 2001.
>
> What the Presentence Report does not reflect is that the conduct underlying these two convictions is the same act, though law enforcement charged Mr. Martin in two different jurisdictions. Mr. Martin robbed Mr. Sparks and Ms. Grantham in the house in White County, Tennessee. As he was driving away with the stolen items, including money, jewelry, guns and marijuana, Mr. Martin drove southwest into Warren County, Tennessee, and was caught by officers there. Mr. Martin received the robbery charges in White County and possession with intent to sell marijuana charges in Warren County.
>
> Based upon these two sets of charges, Mr. Martin received six criminal history points, though the convictions are based on the same act, and were charged at the same time. By virtue of the dual county jurisdiction, Mr. Martin received two separate charging instruments, two separate pleas, and two separate sentencing dates.

[*Id*. at 1-2].

Based upon the foregoing, petitioner's attorney argued that he should be sentenced to a lesser term of imprisonment.

> Had these two convictions been counted as one, Mr. Martin's offense level would be based on one prior conviction for a base offense level of 20. Two levels would be added because the firearm was stolen for an offense level of 22. Three levels would be subtracted for acceptance of responsibility, making Mr. Martin's Total Offense level 19. As to his criminal history, Mr.

> Martin would only have three criminal history points and thus his criminal history category would be II, instead of III. Based on the above, Mr. Martin's guideline range would be 33-41 months of incarceration.
>
> Currently, Mr. Martin faces a guideline range of 57-71 months of incarceration. Because of the relation of the enhancing convictions in ¶ 22 and ¶ 23, Mr. Martin submits to this Court that a sentence within the 33-41 month range would be sufficient but not greater than necessary.

[*Id*. at 3-4].

The court granted petitioner's motion for a downward variance and sentenced him to 51 months. There was no basis, however, for petitioner's attorney to have argued that the two felony convictions constituted a single felony sentence under § 4A1.2(a)(2). The two convictions were in separate courts in separate counties and the sentences were imposed on different dates. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

IV.  Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner

6

having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                 */s/Harry S. Mattice, Jr.*
                 HARRY S. MATTICE, JR.
                 UNITED STATES DISTRICT JUDGE